# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EUGENE LOYD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-5011** |
| **WARDEN ALAN CUPP** | **SECTION "F"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      STATE COURT PROCEDURAL BACKGROUND

The petitioner, Eugene Loyd, is incarcerated in the Jackson Parish Correctional Center in Jonesboro, Louisiana.[2] Loyd was charged on August 17, 2004, in Tangipahoa Parish by bill of information with forcible rape.[3] Loyd entered a guilty plea on February 1, 2005, after admitting that he had sexual intercourse with the 13-year-old victim without her consent.[4]

The state trial court sentenced him on March 22, 2005, to serve 10 years in prison, with two years of the sentence without benefit of parole, probation, or suspension of sentence.[5] The court also ordered Loyd to pay restitution to the victim for any and all medical expenses, counseling and treatment necessitated by the offense itself and the subsequent pregnancy and birth of a child.[6]

Loyd's conviction became final 30 days later, on April 21, 2005, because he did not file a notice of appeal or seek reconsideration of his sentence.[7] Cousin v. Lensing,

---

[2]Rec. Doc. No. 11.

[3]St. Rec. Vol. 1 of 1, Bill of Information, 8/17/04.

[4]St. Rec. Vol. 1 of 1, Docket Entry, 2/1/05; Plea Transcript, pp. 4-5, 2/1/05.

[5]St. Rec. Vol. 1 of 1, Docket Entry, 3/22/05; Minute Entry, 3/22/05; Sentencing Transcript, pp. 9-10, 3/22/05.

[6]Id., p. 10.

[7]Failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La. 1985). At that time, La. Code Crim. P. art. 914 required that a criminal defendant

310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914).

Almost nine months later, on January 3, 2006, Loyd submitted a motion to amend his sentence to the state trial court.[8] The court denied the motion at a hearing held on February 15, 2006.[9] He did not seek review of this order.

More than seven months later, on September 28, 2006, Loyd submitted an application for post-conviction relief to the state trial court.[10] He raised two grounds for relief: (1) The State unconstitutionally failed to disclose favorable evidence. (2) Counsel was ineffective because he failed to keep his client informed and provide him with paperwork related to the case. The state trial court denied the application without stated reasons on October 24, 2006.[11] He did not seek review of this order.

More than four months after that ruling, on March 5, 2007, Loyd submitted a pleading entitled "Application and Memorandum Brief for Writ of Review" in which he

---

move for leave to appeal within five days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing a notice of appeal.

[8]St. Rec. Vol. 1 of 1, Motion for Amendment of Sentence, 1/6/06 (postmarked 1/3/06).

[9]St. Rec. Vol. 1 of 1, Docket Entry, 2/15/06.

[10]St. Rec. Vol. 1 of 1, Application for Post-Conviction Relief, 10/23/06 (signed 9/28/06).

[11]St. Rec. Vol. 1 of 1, Trial Court Order, 10/24/06.

raised five claims challenging his conviction:[12] (1) There was no probable cause, evidence or factual basis for the trial court to find him guilty. (2) The State failed to prove guilt beyond a reasonable doubt. (3) He was denied due process and equal protection as a result of cumulative trial errors. (4) Counsel provided ineffective assistance when he failed to raise lack of probable cause and double jeopardy or object to the illegal sentence and unauthenticated documents. (5) He received an illegal sentence. The state trial court denied the application without reasons on March 21, 2007.[13]

Loyd filed a timely[14] writ application with the Louisiana First Circuit Court of Appeal on April 10, 2007.[15] The court denied the application without reasons on May 14, 2007.[16] He did not seek timely review of this order.

---

[12]St. Rec. Vol. 1 of 1, Application and Memorandum Brief for Writ of Review, 3/5/07.

[13]St. Rec. Vol. 1 of 1, Trial Court Order, 3/21/07.

[14]Petitioner had 30 days from issuance of the trial court's order to file for review in the Louisiana First Circuit. La. App. Rule 4-3; La. Code Crim. P. art. 922.

[15]The record does not contain a copy of this writ application. A member of the Court's staff obtained the filing date of the application from the office of the clerk of the Louisiana First Circuit.

[16]St. Rec. Vol. 1 of 1, 1st Cir. Order, 2007-KW-0752, 5/14/07.

Four months later, on September 26, 2007, Loyd submitted a motion to the state trial court seeking to withdraw his guilty plea based on lack of evidence.[17] The court denied the motion without reasons on October 3, 2007.[18] He did not seek review of this order.

More than six months later, on April 23, 2008, Loyd submitted an untimely[19] writ application, which was filed by the Louisiana Supreme Court on May 7, 2008.[20] Loyd did not outline particular claims for the court's review. Instead, he enclosed copies of his prior application for post-conviction relief, the "Application and Memorandum Brief for Writ of Review," and the Louisiana First Circuit's order dated May 14, 2007, among other documents from his state court record. The Louisiana Supreme Court denied the application without reasons on February 6, 2009.[21]

---

[17]St. Rec. Vol. 1 of 1, Motion to Withdraw Guilty Plea, 10/3/07 (signed 9/26/07).

[18]St. Rec. Vol. 1 of 1, Trial Court Order, 10/3/07.

[19]Loyd had 30 days from issuance of the appellate court's decision to file a writ application in, or mail one to, the Louisiana Supreme Court. La. S. Ct. R. X§5; see also, Causey v. Cain, 450 F.3d 601 (5th Cir. 2006) (mailbox rule applies to state filings for timeliness purposes on habeas review).

[20]St. Rec. Vol. 1 of 1, La. S. Ct. Writ Application, 08-KH-991, 5/7/08 (cover letter signed 4/23/08, postal metered 4/24/08).

[21]State ex rel. Loyd v. State, 999 So.2d 772 (La. 2009); St. Rec. Vol. 1 of 1, La. S. Ct. Order, 2008-KH-0991, 2/6/09.

## II. FEDERAL HABEAS PETITION

On July 22, 2009, the clerk of the United States District Court for the Western District of Louisiana filed Loyd's petition for federal habeas corpus relief in which he raises four grounds for relief:[22] (1) The State failed to present evidence to establish probable cause. (2) The State failed to prove guilt beyond a reasonable doubt and produce evidence sufficient to support the prosecution. (3) He was denied due process and equal protection because the court found no probable cause, but the prosecution forced him to enter a guilty plea. (4) Counsel provided ineffective assistance because he was disinterested and threatened to withdraw if petitioner did not enter a guilty plea.

The State filed a response in opposition to the petition, arguing that Loyd's federal petition was not timely filed.[23] Alternatively, the State argues that the claims were not properly exhausted through the state courts, and the claims are otherwise without merit.

## III. GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[24] and

---

[22]Rec. Doc. No. 1.

[23]Rec. Doc. Nos. 14, 15.

[24]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become

6

applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Loyd's petition, which, for reasons discussed below, is deemed filed in a federal court on July 16, 2009.[25]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State argues and I find that Loyd's petition was not timely filed in this court.

---

effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[25]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for statute of limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Loyd's petition was filed by the clerk of the Western District on July 22, 2009, when it was received. Loyd did not date the signature on his petition. He dated his signature on the pauper application, which was submitted contemporaneously with the petition, on July 16, 2009. This is the earliest date appearing in the record on which he could have delivered the pleadings to prison officials for mailing.

IV. STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final[26] Duncan v. Walker, 533 U.S. 167, 179-80 (2001). Loyd's conviction was final on April 21, 2005, which was 30 days after he was sentenced and he did not pursue further review of his sentence or conviction. Butler, 533 F.3d at 317, 319.

Thus, under a literal application of the statute, Loyd had one year from the date his conviction became final, or until April 21, 2006, to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the

---

[26]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Loyd has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. See Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (Equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied,

9

petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings.

Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness

consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005). Requests for document and transcript copies, like those filed by this petitioner, are not other collateral review for purposes of

the tolling calculation. Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, 2002 WL 63541 (E.D. La. Jan. 16, 2002); Jones v. Johnson, 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson, 185 F. Supp.2d at 751-52 (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

The one-year AEDPA limitations period began to run in Loyd's case on April 22, 2005, the day after his conviction was final. The limitations period ran uninterrupted for 256 days, until January 3, 2006, when he submitted a motion to amend his sentence to the state trial court. The limitations period remained tolled until March 17, 2006, which was 30 days after the trial court ruled and Loyd failed to pursue further review.[27]

The limitations period began to run again on March 18, 2006, and did so for the remaining 109 days, until July 5, 2006,[28] when it expired. Loyd had no properly filed state post-conviction or other collateral review pending during that time period. In addition to these periods of time, during the next three years, Loyd allowed another 910

---

[27]Louisiana law allows 30 days for the filing of a writ application to review the trial court's ruling. La. Code Crim. P. 922; La. App. Rule 4-3.

[28]The last day of the period was actually Tuesday, July 4, 2006, which was a legal holiday.

13

days to lapse without any properly filed state post-conviction or other collateral review proceedings pending before he submitted his federal petition.[29]

The record establishes that, after his conviction became final, Loyd allowed substantially more than one year to lapse without any properly filed and pending state court proceedings and without having filed a timely federal petition for habeas corpus relief. Thus, his federal habeas corpus petition must be dismissed as time-barred.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition of Eugene Loyd for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of

---

[29] An additional 84 days lapsed after the AEDPA period expired on July 5, 2006, before Loyd submitted his application for post-conviction relief to the state trial court on September 28, 2006. He allowed another 100 days to lapse after finality of the trial court's ruling on the application and his submission of the "Application and Memorandum Brief for Writ of Review" on March 5, 2007. Later, he allowed another 104 days to pass between finality of the Louisiana First Circuit's order issued on May 14, 2007, and the submission of his motion to withdraw the guilty plea on September 26, 2007. Finally, he allowed another 621 days to lapse after November 2, 2007, the date the trial court's order was final, and his submission of the federal habeas corpus petition. The Louisiana Supreme Court writ application submitted on April 23, 2008, was not timely under La. S. Ct. R. X§5 because it was mailed and filed more than 30 days after the appellate court ruling sought to be reviewed. See Butler v. Cain, 533 F.3d at 317. Under federal habeas corpus law, this untimely filing cannot be considered in the tolling calculation. Id., at 319 (La. S. Ct. R. X§5(a) forbids any extension of time); Williams v. Cain, 217 F.3d at 309-11 (same).

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[30]

New Orleans, Louisiana, this ___24th___ day of February, 2010.

*(signature)*
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[30]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.